UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD J. ALLISON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DISTRICT COURTS CLERKS OFFICE,<br><br>Defendant. | Case No. 2:22-cv-01114-CDS-EJY<br><br>**REPORT AND RECOMMENDATION** |

The Court issues this Report and Recommendation recommending that Plaintiff, Ronald Allison, be declared a vexatious litigant. This recommendation arises from Mr. Allison's attempt to initiate 123 distinct cases in the U.S. District Court for the District of Nevada. The Court further recommends that Mr. Allison's instant case be dismissed with prejudice. Mr. Allison once again failed to file an application to proceed *in forma pauperis*, failed to style his initiating document as a complaint, as required by Local Special Rule 2-1,[1] and seeks to assert frivolous conspiracy, organized crime, and obstruction of justice claims, as well as due process violations, against the U.S. District Court for the District of Nevada Clerk's Office.

**I.    Discussion**

   A.   <u>Plaintiff asserts a frivolous claim against the U.S. District Court Clerk's Office</u>.

District courts have the authority to dismiss cases sua sponte without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual

---

[1]   LSR 2-1 states: "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."

1

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In the instant matter, Plaintiff submitted a single page initiating document that (1) in one paragraph lists the alleged wrongdoing by the U.S. District Court Clerk's Office, and (2) in a second paragraph states, as conclusions, that the Clerk's Office is using Local Rules and Nevada Revised Statutes to break federal laws. ECF No. 1-2 at 1. Plaintiff's claims are meritless as there are no facts to support the allegations made. *Id*. Moreover, Plaintiff's claims are frivolous because the Clerk's Office is immune from suit. *Polk v. Du*, Case No. 3:15-cv-0488-RCJ-WGC, 2016 WL 1725974, at *5 (D. Nev. Mar. 4, 2016) *citing Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (internal citations omitted). Because the Clerk's Office is immune from suit, the Court recommends the instant matter be dismissed with prejudice.

B. <u>Plaintiff should be required to show cause why he is not a vexatious litigant</u>.

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the All Writs Act, a district court may order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). As explained in *De Long*, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." 912 F.2d at 1148. In contrast, the Ninth Circuit has cautioned district courts that vexatious litigant orders are an extreme remedy and should rarely be entered. *Id*. (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523–26 (9th Cir. 1984)). Such an order restricts access to the courts, which is a litigant's "final safeguard for vitally important

constitutional rights." *Wood*, 705 F.2d at 1525. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In deciding whether to restrict a litigant's access to the courts, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986). In doing so, courts examine five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 864.

Here, based on an analysis as of July 14, 2022, Plaintiff had filed 123 lawsuits with the U.S. District Court for the District of Nevada. *See* Exhibit 1 attached hereto. Despite numerous orders by various judges giving Plaintiff an opportunity to correct defective filings, he has not once done so. *See*, by way of example only, Case Nos. 20-cv-111-APG-EJY (ECF Nos. 1, 2, 5); 20-cv-168-RFB-NJK (ECF Nos. 1, 3, 5); 20-cv-1631-JAD-BNW (ECF Nos. 1, 3, 4); 21-cv-1225-GMN-NJK (ECF No. 1, 3, 5); 21-cv-1324-APG-DJA (ECF Nos. 1, 3, 5); and, 22-cv-302-APG-VCF (ECF Nos. 1, 3, 4). Plaintiff has also filed suit on numerous occasions against entities and individuals that cannot proceed as a matter of law. *See*, by way of example only, Case Nos. 21-cv-148-RFB-EJY; 21-cv-1542-JAD-NJK; 21-cv-1769-JAD-NJK; and, 22-cv-264-APG-NJK. Plaintiff has also filed innumerable frivolous matters against entities, persons or both that do not and cannot state a claim. *See* Case Nos. 20-cv-1612-GMN-NJK (asserting a class action against Clark County Detention Center, and seeking to advertise on television); 20-cv-1228-JCM-BNW (asserting a claim on behalf of himself and the "Global World of Gamblers and Gamers who have Taken a Monetary Loss in Las Vegas" against "all casinos"); 21-cv-1604-RFB-EJY (asserting a claim based on "Black Mold Poisoning" as "Mass Murder of Inmates" on behalf of himself and "all hostages in competency program SCAM" against the U.S. District Courts, Clark County Justice Courts, and All

Conspirators"); 21-cv-1605-JAD-BNW (in which Plaintiff brings claims against the U.S. District Courts, Stein Forensics Unit, and "All Other Mental Clinics used for Fraud of U.S. Tax Payer Dollars" on behalf of "Plaintiffs" for the "[b]ig [f]raud, [o]peration in [s]outhern Nevada" apparently arising from defendants being held without bail for murder, kidnapping, organized crime, racketeering, retaliation, "and a couple more charges"); 21-cv-1628-APG-BNW (asserting claims against U.S. Treasury Dept seeking a competency audit of "court program"); and, 22-cv-1114-CDS-EJY (asserting conspiracy, organized crime, due process and obstruction of justice against the U.S. District Court for the District of Nevada Clerk's Office).

The repeated, endless litigation pursued by Plaintiff, who may, giving him the benefit of every doubt, have some subjective belief that he brings meritorious issues to the Court's attention, does not have an objective, good faith basis for repeatedly failing to file *in forma pauperis* applications, suing entities based on one to three page submissions that are frivolous, and repeatedly suing immune entities and individuals with no possibility of prevailing on any of the claims he asserts. Plaintiff is causing needless expense and posing an extraordinary, unnecessary burden on the Court.[2] Despite explaining to Plaintiff on countless occasions how to initiate a proper claim, and despite sending Plaintiff the instructions for filing an *in forma pauperis* application in excess of 50 times, Plaintiff persists in ignoring the Court's instructions.

Understanding the regard for the constitutional underpinning of the right to access the Court, and after careful consideration of this right, the undersigned recommends Plaintiff be given notice of this recommendation to find him a vexatious litigant. The notice should include the list of all cases leading to the recommendation (Exhibit 1 hereto), and an opportunity to respond to this recommendation before an Order is entered. *De Long*, 912 F.2d at 1147; *Ringgold-Lockhart*, 761 F.3d at 1062 (citing *De Long*, 912 F.2d at 1147-48).

**II.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that this matter, in which Plaintiff failed to file an *in forma pauperis* application, filed a single page initiating document in violation of LSR 2-1, and asserts claims against a defendant that is immune from suit be dismissed with prejudice.

---

[2] Of his 123 times Plaintiff has attempted to initiate a claim, the Court found only one that was allowed to proceed.

IT IS FURTHER RECOMMENDED that Plaintiff be ordered to show cause in writing no later than **August 19, 2022**, why he should not be declared a vexatious litigant.

Dated this 19th day of July, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# EXHIBIT 1

| Case # | Title | Filed | Closed |
|---|---|---|---|
| 2:20-cv-00111-APG-EJY | Allison v. CCDC | 1/15/2020 | 3/13/2020 |
| 2:20-cv-00168-RFB-NJK | Allison v. CCDC | 1/22/2020 | 3/11/2020 |
| 2:20-cv-00216-RFB-BNW | Allison v. CCDC | 1/30/2020 | 3/13/2020 |
| 2:20-cv-01612-GMN-NJK | Allison v. CCDC | 9/1/2020 | 12/29/2020 |
| 2:20-cv-01628-RFB-DJA | Allison v. CCDC | 9/1/2020 | 11/16/2020 |
| 2:20-cv-01631-JAD-BNW | Allison v. CCDC | 9/1/2020 | 11/13/2020 |
| 2:20-cv-01632-RFB-DJA | Allison v. CCDC et al | 9/1/2020 | 1/28/2022 |
| 2:20-cv-01707-GMN-NJK | Allison v. CCDC Medical Psych Dept | 9/14/2020 | 5/17/2021 |
| 2:20-cv-01803-KJD-EJY | Allison v. Commissary of CCDC | 9/22/2020 | 5/4/2021 |
| 2:20-cv-01810-APG-VCF | Allison v. Clark Co District Attorneys | 9/24/2020 | 4/22/2021 |
| 2:20-cv-02026-GMN-DJA | Allison v. CCDC Psychiatric Ward | 10/30/2020 | 1/15/2021 |
| 2:20-cv-02070-GMN-EJY | Allison v. Segelblom et al | 11/10/2020 | 7/23/2021 |
| 2:20-cv-02183-JAD-NJK | Allison v. Fritz et al | 11/30/2020 | 2/1/2021 |
| 2:20-cv-02305-APG-NJK | Allison v. LVMPD et al | 12/18/2020 | 3/26/2021 |
| 2:21-cv-00096-JAD-BNW | Allison v. CCDC et al | 1/15/2021 | 4/6/2021 |
| 2:21-cv-00126-APG-NJK | Allison v. CCDC Medical et al | 1/22/2021 | 5/14/2021 |
| 2:21-cv-00146-JAD-NJK | Allison v. Goodman et al | 1/25/2021 | 3/24/2021 |
| 2:21-cv-00147-KJD-BNW | Allison v. Piekarski et al | 1/25/2021 | 10/5/2021 |
| 2:21-cv-00148-RFB-EJY | Allison v. Clark County Justice Courts | 1/25/2021 | |
| 2:21-cv-00149-JAD-DJA | Allison v. CCDC et al | 1/25/2021 | 3/23/2021 |
| 2:21-cv-00150-GMN-VCF | Allison v. TSI Security | 1/25/2021 | 2/16/2022 |
| 2:21-cv-00163-APG-DJA | Allison v. Clark Co District Attorney | 1/29/2021 | 3/26/2021 |
| 2:21-cv-00164-GMN-NJK | Allison v. Clark County Justice Courts | 1/29/2021 | 4/28/2021 |
| 2:21-cv-00165-RFB-BNW | Allison v. CCDC Medical Dept | 1/29/2021 | 6/3/2021 |
| 2:21-cv-00167-APG-EJY | Allison v. Piekarski et al | 1/29/2021 | 8/3/2021 |
| 2:21-cv-00168-GMN-DJA | Allison v. CCDC | 1/29/2021 | 4/27/2021 |
| 2:21-cv-01170-JAD-EJY | Allison v. CCDC | 6/21/2021 | 10/13/2021 |
| 2:21-cv-01224-APG-NJK | Allison v. Clark Co Metro PD et al | 6/29/2021 | 11/5/2021 |
| 2:21-cv-01225-JAD-VCF | Allison v. CCDC | 6/29/2021 | 10/13/2021 |
| 2:21-cv-01226-GMN-NJK | Allison v. CCDC | 6/29/2021 | 9/24/2021 |
| 2:21-cv-01227-JAD-DJA | Allison v. Piro et al | 6/29/2021 | 11/5/2021 |
| 2:21-cv-01228-JCM-BNW | Allison v. Ceasars Owned et al | 6/28/2021 | 1/28/2022 |
| 2:21-cv-01320-JAD-BNW | Allison v. CCDC | 7/9/2021 | 9/21/2021 |
| 2:21-cv-01321-JAD-NJK | Allison v. CCDC & Staff | 7/13/2021 | 10/13/2021 |
| 2:21-cv-01324-APG-DJA | Allison v. CCDC | 7/13/2021 | 9/24/2021 |
| 2:21-cv-01325-RFB-EJY | Allison v. CCDC | 7/9/2021 | 5/11/2022 |
| 2:21-cv-01339-RFB-EJY | Allison v. CCDC | 7/14/2021 | 5/23/2022 |
| 2:21-cv-01395-JAD-NJK | Allison v. Clark County Courts | 7/26/2021 | 10/12/2021 |
| 2:21-cv-01399-JAD-DJA | Allison v. Piro et al | 7/23/2021 | 10/29/2021 |
| 2:21-cv-01400-GMN-NJK | Allison v. Clark County, Courts, Jails | 7/23/2021 | 8/12/2021 |
| 2:21-cv-01401-RFB-EJY | Allison v. The Employees of Stien Hospital | 7/23/2021 | |
| 2:21-cv-01411-RFB-VCF | Allison v. The State of Nevada | 7/28/2021 | |
| 2:21-cv-01541-RFB-VCF | Allison v. Stein Forensics Unit | 8/19/2021 | |
| 2:21-cv-01542-JAD-NJK | Allison v. Department of Health and Human Services et al | 8/19/2021 | 10/12/2021 |
| 2:21-cv-01543-RFB-DJA | Allison v. Stein Health Policy et al | 8/19/2021 | 11/1/2021 |
| 2:21-cv-01545-GMN-BNW | Allison v. Nevada Disability Advocacy & Law Center et al | 8/19/2021 | 10/5/2021 |

| | | | |
|---|---|---|---|
| 2:21-cv-01546-GMN-VCF | Allison v. Stein Forensics Unit | 8/19/2021 | |
| 2:21-cv-01548-APG-EJY | Allison v. Stein Forensics Unit | 8/19/2021 | 4/1/2022 |
| 2:21-cv-01571-GMN-BNW | Allison v. Stein Forensics Unit | 8/24/2021 | 11/5/2021 |
| 2:21-cv-01572-RFB-EJY | Allison v. State Facilities | 8/24/2021 | 1/28/2022 |
| 2:21-cv-01599-APG-DJA | Allison v. Craig | 8/30/2021 | 12/21/2021 |
| 2:21-cv-01600-GMN-EJY | Allison v. Bossi et al | 8/30/2021 | 11/19/2021 |
| 2:21-cv-01604-RFB-EJY | Allison v. U.S. District Courts et al | 8/30/2021 | 1/28/2022 |
| 2:21-cv-01605-JAD-BNW | Allison v. U.S. District Courts et al | 8/30/2021 | 1/4/2022 |
| 2:21-cv-01624-RFB-VCF | Allison v. All Las Vegas Casinos and Gaming Establishments | 9/1/2021 | |
| 2:21-cv-01625-RFB-BNW | Allison v. 8th & 9th District Attorneys Office's | 9/1/2021 | 1/28/2022 |
| 2:21-cv-01626-JAD-NJK | Allison v. Parra et al | 9/1/2021 | 11/5/2021 |
| 2:21-cv-01627-GMN-EJY | Allison v. Clark County Nevada Jails | 9/1/2021 | 11/19/2021 |
| 2:21-cv-01628-APG-BNW | Allison v. US Treasury Dept | 9/1/2021 | 10/25/2021 |
| 2:21-cv-01638-JAD-DJA | Allison v. Homeland Security et al | 9/3/2021 | 11/24/2021 |
| 2:21-cv-01665-APG-EJY | Allison v. U.S. Mail et al | 9/9/2021 | 11/22/2021 |
| 2:21-cv-01666-GMN-NJK | Allison v. Stein Forensics United and Staff et al | 9/9/2021 | 11/19/2021 |
| 2:21-cv-01682-RFB-NJK | Allison v. Stein Forensics Unit & Staff | 9/13/2021 | 2/28/2022 |
| 2:21-cv-01683-GMN-BNW | Allison v. Stein Forensics Unit & Staff | 9/13/2021 | 11/29/2021 |
| 2:21-cv-01715-APG-DJA | Allison v. Stein Forensics Unit & Staff | 9/16/2021 | 12/1/2021 |
| 2:21-cv-01717-GMN-BNW | Allison v. The State of Nevada et al | 9/17/2021 | 12/1/2021 |
| 2:21-cv-01718-RFB-BNW | Allison v. Stein Forensics Unit et al | 9/17/2021 | 5/19/2022 |
| 2:21-cv-01735-RFB-BNW | Allison v. Stein Physicians et al | 9/20/2021 | 2/28/2022 |
| 2:21-cv-01736-GMN-VCF | Allison v. Judge Christy Craig et al | 9/21/2021 | |
| 2:21-cv-01769-JAD-NJK | Allison v. SSA et al | 9/24/2021 | 10/20/2021 |
| 2:21-cv-01784-APG-NJK | Allison v. Staff & Stein Forensics Unit | 9/27/2021 | 12/8/2021 |
| 2:21-cv-01786-ART-DJA | Allison v. Sheriff Joe Lombardo et al | 9/27/2021 | 6/3/2022 |
| 2:21-cv-01787-JAD-EJY | Allison v. Stein Forensics Unit & Staff | 9/27/2021 | 12/15/2021 |
| 2:21-cv-01791-JAD-DJA | Allison v. Stein Forensics Unit & Staff | 9/27/2021 | 12/21/2021 |
| 2:21-cv-01814-APG-NJK | Allison v. Stein Forensics Unit & Staff | 9/30/2021 | 12/21/2021 |
| 2:21-cv-01852-JAD-DJA | Allison v. US Dist et al | 10/6/2021 | 12/21/2021 |
| 2:21-cv-01853-APG-EJY | Allison v. CCDC Staff et al | 10/6/2021 | 12/21/2021 |
| 2:21-cv-01883-JAD-EJY | Allison v. Stein Treatment Teams | 10/12/2021 | 1/5/2022 |
| 2:21-cv-01884-APG-NJK | Allison v. Stein Forensics Unit et al | 10/12/2021 | 12/21/2021 |
| 2:21-cv-02024-GMN-DJA | Allison v. Stein Forensics Unit | 11/8/2021 | 1/18/2022 |
| 2:21-cv-02025-RFB-BNW | Allison v. Stein Forensics Unit | 11/8/2021 | 2/28/2022 |
| 2:21-cv-02027-RFB-NJK | Allison v. Stein Forensics Unit | 11/8/2021 | 5/16/2022 |
| 2:21-cv-02217-RFB-EJY | Allison v. LVMPD et al | 12/17/2021 | 5/6/2022 |
| 2:21-cv-02255-RFB-DJA | Allison v. Goodman et al | 12/29/2021 | 5/11/2022 |
| 2:21-cv-02256-GMN-NJK | Allison v. Goodman et al | 12/29/2021 | 5/10/2022 |
| 2:21-cv-02257-JAD-DJA | Allison v. All Doctors Listed on the Falsified Order of Commitment | 12/29/2021 | 4/12/2022 |
| 2:22-cv-00015-GMN-EJY | Allison v. CCDC Staff | 1/4/2022 | 4/5/2022 |
| 2:22-cv-00016-GMN-NJK | Allison v. LVMPD | 1/4/2022 | 5/10/2022 |
| 2:22-cv-00017-JAD-BNW | Allison v. Chio | 1/4/2022 | 2/18/2022 |
| 2:22-cv-00018-RFB-BNW | Allison v. Cosmopolitan Casino of LV | 1/4/2022 | 5/6/2022 |
| 2:22-cv-00044-JAD-VCF | Allison v. Goodman | 1/10/2022 | |
| 2:22-cv-00183-RFB-VCF | Allison v. Office of Public Defenders of Clark Co., NV | 2/1/2022 | 3/18/2022 |
| 2:22-cv-00239-RFB-VCF | Allison v. Clark Co. Dist. Atty's Ofc, et al | 2/7/2022 | |

| | | | |
|---|---|---|---|
| 2:22-cv-00264-APG-NJK | Allison v. District Courts | 2/11/2022 | 5/18/2022 |
| 2:22-cv-00265-GMN-EJY | Allison v. LVMPD | 2/11/2022 | 4/19/2022 |
| 2:22-cv-00266-JAD-BNW | Allison v. LVMPD | 2/11/2022 | 4/8/2022 |
| 2:22-cv-00267-APG-DJA | Allison v. Las Vegas Intl Airport Security Co. | 2/11/2022 | 6/29/2022 |
| 2:22-cv-00268-GMN-NJK | Allison v. Enterprise Rental Car | 2/11/2022 | 5/9/2022 |
| 2:22-cv-00269-RFB-VCF | Allison v. The Illegal Monopoly of a Court System of Clark Co. | 2/11/2022 | |
| 2:22-cv-00270-JAD-VCF | Allison v. Dist. Attorney of JC12 | 2/11/2022 | |
| 2:22-cv-00302-APG-VCF | Allison v. CCDC | 2/18/2022 | 6/1/2022 |
| 2:22-cv-00329-GMN-EJY | Allison v. The State of Nevada et al | 2/23/2022 | 5/19/2022 |
| 2:22-cv-00330-RFB-NJK | Allison v. The U.S. Federal Govt | 2/23/2022 | 6/24/2022 |
| 2:22-cv-00331-JAD-VCF | Allison v. LVMPD | 2/23/2022 | 6/8/2022 |
| 2:22-cv-00332-GMN-DJA | Allison v. The State of Nevada and All Officials | 2/23/2022 | 5/30/2022 |
| 2:22-cv-00333-GMN-BNW | Allison v. Nevada Dist. Courts et al | 2/23/2022 | 6/22/2022 |
| 2:22-cv-00479-RFB-EJY | Allison v. Booking Offices of CCDC | 3/17/2022 | |
| 2:22-cv-00524-APG-BNW | Allison v. LVMPD Officers | 3/24/2022 | |
| 2:22-cv-00692-CDS-VCF | Allison v. CCDC | 4/25/2022 | 5/2/2022 |
| 2:22-cv-00770-RFB-NJK | Allison v. Office of the Public Defenders | 5/16/2022 | |
| 2:22-cv-00772-ART-VCF | Allison v. CCDC and Medical Staff | 5/16/2022 | |
| 2:22-cv-00805-RFB-EJY | Allison v. CCDC | 5/20/2022 | |
| 2:22-cv-00873-ART-BNW | Allison v. CCDC et al | 6/1/2022 | |
| 2:22-cv-00926-GMN-EJY | Allison v. CCDC | 6/8/2022 | 6/14/2022 |
| 2:22-cv-00993-GMN-DJA | Allison v. Law Office of Andrew Fritz | 6/23/2022 | |
| 2:22-cv-00994-RFB-NJK | Allison v. VanLuven | 6/23/2022 | |
| 2:22-cv-01061-JAD-DJA | Allison v. Office of the Public Defender | 7/6/2022 | |
| 2:22-cv-01062-JAD-EJY | Allison v. CCDC Food Service and Health Dept | 7/6/2022 | |
| 2:22-cv-01064-APG-NJK | Allison v. CCDC Medical Dept | 7/6/2022 | |
| 2:22-cv-01065-CDS-VCF | Allison v. CCDC | 7/6/2022 | |
| 2:22-cv-01112-JAD-DJA | Allison v. The State of Nevada | 7/8/2022 | |
| 2:22-cv-01113-GMN-VCF | Allison v. All Casinos of Las Vegas | 7/8/2022 | |
| 2:22-cv-01114-CDS-EJY | Allison v. U.S. District Courts Clerks Offfice | 7/8/2022 | |