UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald J. Allison,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>United States Courts Clerks Office,<br><br>　　　　Defendants. | Case No. 2:22-cv-01114-CDS-EJY<br><br>**Order Declaring Plaintiff a Vexatious Litigant and Imposing a Pre-filing Injunction** |

  On August 3, 2022, I dismissed with prejudice the claims brought by *pro se* Plaintiff Ronald J. Allison (ECF No. 1) based on Allison's attempt to sue this District's Clerks Office, which is generally immune from suit. ECF No. 3. At that time, I ordered Allison to show cause as to why he should not be deemed a vexatious litigant under the All Writs Act, § 28 U.S.C. 1651(a). *Id.* I gave Allison the deadline of August 19, 2022 to respond to the show cause order. *Id.* He has neither shown cause nor responded to my order. Having thoroughly reviewed the circumstances of this case, and some of the 123 others Allison has filed in this district, I find that Allison has abused the judicial process in a fashion that wastes substantial resources and prevents this Court from addressing the legitimate concerns of other litigants. Allison's persistent and unrelenting conduct, despite numerous admonitions and instructions, warrants the extreme remedy of a pre-filing order prohibiting him from filing any further lawsuits in this District without prior court approval.

I.      **Legal Standard**

Federal district courts enjoy inherent authority to issue writs – including pre-filing orders – to prevent vexatious litigants from filing frivolous lawsuits and abusing the judicial process. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Pre-filing orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057. Before entering a pre-filing order, the district court must provide notice and an opportunity to be heard to the party against whom the order is sought. *Id.* If the Court imposes a pre-filing order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that the party should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

District courts considering imposing a pre-filing order on a vexatious litigant should consider four factors. *Id.* The first two requirements, "(1) notice and an opportunity to be heard and (2) the creation of an adequate record, are procedural considerations – that is, the factors define '[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." *Id.* at 1057-58 (quoting *Black's Law Dictionary* 1241 (8th ed. 2004)). The latter two factors, requiring "(3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are substantive considerations – that is, the factors help the district court define who is, in fact, a vexatious litigant." *Id.* at 1058. Those factors allow a district court to "construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.*

II. Analysis

Having cautiously reviewed the pertinent circumstances, I find that a narrowly tailored order prohibiting Allison from bringing additional litigation in this District is appropriate.

   i. *Notice and an Opportunity to be Heard*

I issued an August 3, 2022, Order for Allison to show cause as to why he should not be deemed a vexatious litigant and subjected to a pre-filing order. ECF No. 3. I gave Allison until August 19, 2022 to respond to that Order. *Id.* To date, he has not responded. I have waited a few days beyond the August 19th deadline in order to give Allison every opportunity to be heard, yet he appears to have abandoned responding to this case. Allison neither responded to the Honorable United States Magistrate Judge Elayna J. Youchah's Report and Recommendation in this case recommending dismissal (ECF No. 2), nor to my Order adopting Judge Youchah's Report and Recommendation (ECF No. 3). Consequently, I find that Allison was given notice and an opportunity to be heard yet he took advantage of neither.

   ii. *Creation of an Adequate Record*

Judge Youchah diligently performed the task of compiling all 123 lawsuits filed by Allison. *See* Exhibit 1, ECF No. 2 at 7-9. In adopting Judge Youchah's Report and Recommendation (R&R), I noted that Allison filed 123 lawsuits in this District over the past thirty-one months yet does not seem interested in pursuing his cases after filing. Of the "123 times Plaintiff has initiated a claim, the Court found only one [instance] that was allowed to proceed." ECF No. 2 at 4, n.1. "Despite numerous orders by various judges giving Plaintiff an opportunity to correct defective filings, he has not once done so." ECF No. 2 at 4 (collecting cases). To ensure the creation of an adequate record, I also list a portion of the cases compiled by Judge Youchah, *infra*, section iii, and incorporate by reference into this Order Exhibit 1 to Judge Youchah's R&R, as if fully set forth herein.

### iii. Findings of Frivolousness or Harassment

Allison's litigation has been both frivolous and harassing. This Circuit has adopted a five-factor standard which "provides a helpful framework" for determining whether the plaintiff's litigation has been frivolous or harassing. *Molski*, 500 F.3d at 1058 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). That standard includes: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits"; (2) "the litigant's motive in pursuing the litigation" and "whether the litigant had a good faith expectation of prevailing"; (3) "whether the litigant is represented by counsel"; (4) "whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts"; and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. Here, all five factors weigh in favor of a finding of frivolousness and harassment.

As to the first factor, Allison has a history of filing duplicative suits. For example, he has filed multiple cases against the courts and court officials despite admonitions informing him of those parties are immune from being sued. *See, e.g., Allison v. Clark County Justice Cts.*, 2:21-cv-00148-RFB-EJY (Jan. 25, 2021); *Allison v. Clark County Justice Cts.*, 2:21-cv-00164-GMN-NJK (Jan. 29, 2021); *Allison v. Clark County Cts.*, 2:21-cv-01395-JAD-NJK (July 26, 2021); *Allison v. Clark County, Cts., Jails*, 2:21-cv-01400-GMN-NJK (July 23, 2021); *Allison v. U.S. Dist. Cts. et al.*, 2:21-cv-01604-RFB-EJY (Aug. 30, 2021); *Allison v. U.S. Dist. Cts. et al.*, 2:21-cv-01605-JAD-BNW (Aug. 30, 2021); *Allison v. Judge Christy Craig et al.*, 2:21-cv-01736-GMN-VCF (Sept. 21, 2021); *Allison v. U.S. Dist. et al.*, 2:21-cv-01852-JAD-DJA (Oct. 6, 2021); *Allison v. District Cts.*, 2:22-cv-00264-APG-NJK (Feb. 11, 2022); *Allison v. Nevada Dist. Cts. et al.*, 2:22-cv-00333-GMN-BNW (Feb. 23, 2022); and the present action, *Allison v. U.S. Dist. Cts. Clerks Office*.

Allison has also filed duplicative litigation against the various attorneys who have prosecuted or defended him. *See, e.g., Allison v. Clark Cnty. Dist. Attorneys*, 2:20-cv-01810-APG-VCF

(Sept. 24, 2020); *Allison v. Clark Cnty. Dist. Attorney*, 2:21-cv-00163-APG-DJA (Jan. 29, 2021); *Allison v. 8th & 9th Dist. Attorneys Offices*, 2:21-cv-01625-RFB-BNW (Sept. 1, 2021); *Allison v. Office of Public Defenders of Clark Cnty., NV*, 2:22-cv-00183-RFB-VCF (Feb. 1, 2022); *Allison v. Clark Cnty. Dist. Attorney's Office, et al.*, 2:22-cv-00238-RFB-VCF (Feb. 7, 2022); *Allison v. Dist. Attorney of JC12*, 2:22-cv-00270-JAD-VCF (Feb. 11, 2022); *Allison v. Office of the Public Defenders*, 2:22-cv-00770-RFB-NJK (May 16, 2022); *Allison v. Office of the Public Defender*, 2:22-cv-01061-JAD-DJA (July 6, 2022).

Allison has also filed duplicative litigation against the two locations he has been detained, Clark County Detention Center and the Stein Forensics Unit. *See, e.g., Allison v. CCDC*, 2:20-cv-00111-APG-EJY (Jan. 15, 2020); *Allison v. CCDC*, 2:20-cv-00168-RFB-NJK (Jan. 22, 2020); *Allison v. CCDC*, 2:20-cv-00216-RFB-BNW (Jan. 30, 2020); *Allison v. CCDC*, 2:20-cv-01612-GMN-NJK (Sept. 1, 2020); *Allison v. CCDC*, 2:20-cv-01628-RFB-DJA (Sept. 1, 2020); *Allison v. CCDC*, 2:20-cv-01631-JAD-BNW (Sept. 1, 2020); *Allison v. CCDC et al.*, 2:20-cv-01632-RFB-DJA (Sept. 1, 2020); *Allison v. CCDC Medical Psych. Dep't*, 2:20-cv-01707-GMN-NJK (Sept. 14, 2020); *Allison v. CCDC Psychiatric Ward*, 2:20-cv-02026-GMN-DJA (Oct. 30, 2020); *Allison v. CCDC et al.*, 2:21-cv-00096-JAD-BNW (Jan. 15, 2021); *Allison v. CCDC Medical et al.*, 2:21-cv-00126-APG-NJK (Jan. 22, 2021); *Allison v. CCDC et al.*, 2:21-cv-00149-JAD-DJA (Jan. 25, 2021); *Allison v. CCDC Medical Dep't*, 2:21-cv-00165-RFB-BNW (Jan. 29, 2021); *Allison v. CCDC*, 2:21-cv-00168-GMN-DJA (Jan. 29, 2021); *Allison v. CCDC*, 2:21-cv-01170-JAD-EJY (June 21, 2021); *Allison v. CCDC*, 2:21-cv-01225-JAD-VCF (June 29, 2021); *Allison v. CCDC*, 2:21-cv-01226-GMN-NJK (June 29, 2021); *Allison v. CCDC*, 2:21-cv-01320-JAD-BNW (July 9, 2021); *Allison v. CCDC & Staff*, 2:21-cv-01321-JAD-NJK (July 13, 2021); *Allison v. CCDC*, 2:21-cv-01324 (July 13, 2021); *Allison v. CCDC*, 2:21-cv-01325-RFB-EJY (July 9, 2021); *Allison v. CCDC*, 2:21-cv-01339-RFB-EJY (July 14, 2021); *Allison v. The Employees of Stein Hosp.*, 2:21-cv-01401-RFB-EJY (July 23, 2021); *Allison v. Stein Forensics Unit*, 2:21-cv-01541-RFB-VCF (Aug. 19, 2021); *Allison v. Stein Health Policy et al.*, 2:21-cv-01543-RFB-DJA (Aug. 19, 2021); *Allison v.*

*Stein Forensics Unit*, 2:21-cv-01546-GMN-VCF (Aug. 19, 2021); *Allison v. Stein Forensics Unit*, 2:21-cv-01548-APG-EJY (Aug. 19, 2021); *Allison v. Stein Forensics Unit*, 2:21-cv-01571-GMN-BNW (Aug. 24, 2021); *Allison v. Stein Forensics Unit and Staff et al.*, 2:21-cv-01666-GMN-NJK (Sept. 9, 2021); *Allison v. Stein Forensics Unit & Staff*, 2:21-cv-01682-RFB-NJK (Sept. 13, 2021); *Allison v. Stein Forensics Unit & Staff*, 2:21-cv-01683-GMN-BNW (Sept. 13, 2021); *Allison v. Stein Forensics Unit & Staff*, 2:21-cv-01715-APG-DJA (Sept. 16, 2021); *Allison v. Stein Forensics Unit et al.*, 2:21-cv-01717-RFB-BNW (Sept. 17, 2021); *Allison v. Stein Physicians et al.*, 2:21-cv-01735-RFB-BNW (Sept. 20, 2021); *Allison v. Staff & Stein Forensics Unit*, 2:21-cv-01784-APG-NJK (Sept. 27, 2021); *Allison v. Stein Forensics Unit & Staff*, 2:21-cv-01787-JAD-EJY (Sept. 27, 2021); *Allison v. Stein Forensics Unit & Staff*, 2:21-cv-01791-JAD-DJA (Sept. 27, 2021); *Allison v. Stein Forensics Unit & Staff*, 2:21-cv-01814-APG-NJK (Sept. 30, 2021); *Allison v. Stein Treatment Teams*, 2:21-cv-01883-JAD-EJY (Oct. 12, 2021); *Allison v. Stein Forensics Unit et al.*, 2:21-cv-01884-APG-NJK (Oct. 12, 2021); *Allison v. Stein Forensics Unit*, 2:21-cv-02024-GMN-DJA (Nov. 8, 2021); *Allison v. Stein Forensics Unit*, 2:21-cv-02025-RFB-BNW (Nov. 8, 2021); *Allison v. Stein Forensics Unit*, 2:21-cv-02027-RFB-NJK (Nov. 8, 2021); *Allison v. CCDC Staff*, 2:22-cv-00015-GMN-EJY (Jan. 4, 2022); *Allison v. CCDC*, 2:22-cv-00302-APG-VCF (Feb. 18, 2022); *Allison v. Booking Offices of CCDC*, 2:22-cv-00479-RFB-EJY (Mar. 17, 2022); *Allison v. CCDC*, 2:22-cv-00692-CDS-VCF (Apr. 25, 2022); *Allison v. CCDC and Medical Staff*, 2:22-cv-00772-ART-VCF (May 16, 2022); *Allison v. CCDC*, 2:22-cv-00805-RFB-EJY (May 20, 2022); *Allison v. CCDC et al.*, 2:22-cv-00873-ART-BNW (June 1, 2022); *Allison v. CCDC*, 2:22-cv-00926-GMN-EJY (June 8, 2022); *Allison v. CCDC Food Service and Health Dep't*, 2:22-cv-01062-JAD-EJY (July 6, 2022); *Allison v. CCDC Medical Dep't*, 2:22-cv-01064-APG-NJK (July 6, 2022); *Allison v. CCDC*, 2:22-cv-01065-CDS-VCF (July 6, 2022).

While the above-listed examples are not the only cases in which Allison raises the same or similar claims against the same or overlapping defendants, they serve to illustrate the

frequency of Allison's efforts. Multiple lawsuits filed on the same day, against the same defendants, containing various allegations that do not give rise to a cause of action, demonstrate a pattern of vexatiousness and harassment that flagrantly abuses our judicial system. The first factor of the *Safir* test weighs in favor of a finding of vexatiousness and/or harassment.

As to the second factor, Allison's motives in pursuing the myriad of litigation and his expectations of prevailing are unclear. On more than 50 occasions he has failed to file *in forma pauperis* applications, repeatedly sued the same immune entities and individuals with no possibility of prevailing on the claims asserted, and never corrects defective filings. ECF No. 2 at 3-4. Giving Allison "the benefit of every doubt," ECF No. 2 at 4, it is possible that Allison at one point held a subjective belief that he raises potentially meritorious claims. But Allison may also truly misunderstand the role of the courts and have a good-faith basis for bringing his complaints to this Court's attention.

Allison seems to mistakenly believe that by filing complaints with this Court, the job of the clerk of court is to alert various federal agencies to his alleged violations of law. For example, in his suit against "Enterprise Rental Car" (meaning to sue Enterprise Rent-A-Car), Allison notes that he "assumes you all [i.e., the federal judiciary] have done your duty as federal employees, and reported all the crimes I've listed in my civil actions, to the FBI & federal authorities." *Allison v. Enterprise Rental Car*, 22-cv-002678-GMN-NJK (D. Nev. Feb. 11, 2022), ECF No. 1 at 2. He continues, "[t]hat's why I want to be sure your office has been reporting the crimes, as I've requested because if not, that means your clerks have been engaged in organized crime to protect the crooked courts committing organized crime for money!" *Id.*

On other occasions, Allison seems to use the litigation as a forum to express discontentment with persons or offices, beliefs about a number of perceived injustices, and overall disillusionment with various federal agencies. *See, e.g., Allison v. The Illegal Monopoly of a Court*

*System of Clark Cnty.*, 2:22-cv-00269-RFB-VCF (D. Nev. Feb. 11, 2022), ECF No. 1 at 2. In that case, Allison seeks "50 million dollars in damages and 20 million in punitive damages" because Nevada's state courts have "conspire[d] to violate [Allison's] rights" via "the illegal monopoly, consisting of judges, district attorneys, and public defenders[.]" *Id.*

In sum, Allison's motivations behind filing seem to be mixed. He may be confused or his repetitive filings may be the result of unidentified or unknown cognitive issues; the Court cannot and does not speculate on this subject matter. As a result, the second factor of the *Safir* test does not weigh too heavily in my calculus for determining vexatiousness or harassment.

As to the third factor, Allison is neither represented by counsel in the instant action nor represented in the vast majority – if not all – of the other cases. This factor weighs in favor of a finding of vexatiousness.

As to the fourth factor, Allison has indeed caused unnecessary expense to the parties or placed a needless burden on the courts. This Court is duty-bound to read through each filing that comes before it. However, the Magistrate Judges of this District and Clerks of Court often handle the important work of ensuring *pro se* filings conform with the federal and local rules. They are the ones burdened by Allison's 123 cases, almost all of which he never intends to further prosecute. Magistrate Judge Youchah noted that "Plaintiff is causing needless expense and posing an extraordinary, unnecessary burden on the Court." ECF No. 2 at 4. She adds that "[d]espite explaining to Plaintiff on countless occasions how to initiate a proper claim, and despite sending Plaintiff the instructions for filing an *in forma pauperis* application in excess of 50 times, Plaintiff persists in ignoring the Court's instructions." *Id.* I agree with this finding. The parties Allison sues, often repetitively, are forced to defend litigation that Allison has no goal of ever pursuing. This factor also weighs in favor of a finding of vexatiousness.

Finally, as to the fifth factor, no other sanctions would adequately protect the parties or the judicial system. Monetary sanctions likely will fail to deter Allison, who is currently incarcerated at Clark County Detention Center. *See* ECF No. 1-1 at 2. A pre-filing restriction, drawn as narrowly as possible, is the only way to curtail Allison's behavior without unduly infringing upon his rights of access to this Court.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. I find Allison's repetitive filings vexatious and harassing, and thus seek to impose a narrowly tailored pre-filing order to protect judicial time that could properly be used elsewhere.

        *iv.*       *This Court's Order is as Narrowly Tailored as Possible*

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1059. Here, the specific vices encountered are Allison's continued filing of papers that fail to conform with the local rules of this District, Allison's habitual refusal to amend or correct those pleadings upon notice, and Allison's abandonment of litigation in each case. No remedy short of an injunction preventing Allison from filing further initiating documents in this District will get Allison to cease his behavior. However, a "pre-filing order likely is overbroad if it prevents the litigant from filing any suit in the Court, or applies to a suit against anyone when the record showed plaintiff was litigious with respect to only one group of defendants." *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263 (D. Nev. 2011) (citing *Molski*, 500 F.3d at 1061).

Consequently, this Court must tailor an Order narrower than a general restriction upon Allison from filing suit. Instead, a prohibition against Allison filing documents *pro se* without first obtaining leave of court should serve to protect Allison's right of access to the courts while

also maintaining the efficacy of the judicial branch. Allison may, of course, still seek permission from the Chief Judge of this District when he seeks to bring suit as a *pro se* litigant. He may also, with counsel, initiate litigation in this District without seeking leave. Practicing attorneys in the State of Nevada must follow rules of ethics that require them to bring proceedings only if "there is a basis in law and fact for doing so that is not frivolous." Nev. R. Prof. Cond. 3.1. Allison's non-frivolous claims in the future will thus still have access to the courts, whether he is represented by counsel and can file immediately or proceeding *pro se* and required to file **after** obtaining leave from the Chief Judge of this District.

### III.    Conclusion

IT IS HEREBY ORDERED that Ronald J. Allison is a vexatious litigant and therefore enjoined and prohibited under 28 U.S.C. § 1651(a) from filing **any** complaint, petition, or other document in the United States District Court for the District of Nevada that relates to initiating litigation as a *pro se* litigant without first obtaining pre-filing permission from the Chief Judge of this Court.

IT IS FURTHER ORDERED that if Allison intends to file any papers with this Court that relate in any way to initiating litigation as a *pro se* litigant, he must first comply with the following instructions:

1. Allision must apply to the Chief Judge of this District for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File" and which must be supported by a declaration from Allison, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or

claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

2. Allison must attach a copy of this Order to any such application.

Failure to comply with this Order will constitute sufficient grounds for denial of Allison's application.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or document on a closed case, or any other litigation-initiating documents submitted *pro se* without prior compliance with this Order.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

IT IS SO ORDERED.

DATED this August 25, 2022

_____
Cristina D. Silva
United States District Judge